IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GARY LEMBERGER,

                        Plaintiff,

v.                                                       OPINION and ORDER

LISA MULLINS-COOK,                             24-cv-677-jdp

                        Defendant.

---

Plaintiff Gary Lemberger, proceeding without counsel, alleges that defendant Lisa Mullins-Cook falsely told the police that he was driving drunk and provided false testimony at his trial, resulting in his conviction for operating while intoxicated. Dkt. 1. Because Lemberger proceeds without prepaying the filing fee, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Lemberger's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint without leave to amend for failure to state a claim upon which relief may be granted.

I begin with the complaint's allegations. Mullins-Cook called the Columbia County Sheriff's Office to report that a motorist was driving while impaired. Apparently, Lemberger owned the vehicle but he wasn't driving it at that time. Mullins-Cook eventually lost sight of the vehicle, but Lemberger was later arrested based on information that she provided to the Sheriff's Office. Lemberger was prosecuted for operating while intoxicated and Mullins-Cook gave false testimony at his trial. Lemberger was convicted of that offense and his conviction

hasn't been overturned. See the docket sheet in Columbia County Case No. 2021CF599, *available at* https://wcca.wicourts.gov/case.html. According to the Department of Corrections offender search page, Lemberger was incarcerated following his conviction, but he has been released on active community supervision. *See* https://appsdoc.wi.gov/lop/home/home. Lemberger seeks damages.

Lemberger's complaint has two problems. First, Lemberger hasn't alleged that Mullins-Cook is a state actor. To be liable under 42 U.S.C. § 1983, Mullins-Cook must have acted "under color of state law" to deprive Lemberger "of some federally guaranteed right." *See Wilson v. Price*, 624 F.3d 389, 392 (7th Cir. 2010). Action is taken under color of state law "when it involves a misuse of power . . . made possible only because the wrongdoer is clothed with the authority of state law." *See id*.

Lemberger doesn't allege that Mullins-Cook was a deputy sheriff or other employee of the Sheriff's Office, and his vague allegations don't plausibly suggest that she was. The allegation that Mullins-Cook gave the Sheriff's Office information that led to Lemberger's prosecution doesn't make her a state actor for § 1983 purposes. *See Rogers v. Relitz*, No. 22-cv-730-wmc, 2023 WL 2784878, at *3 (W.D. Wis. Apr. 5, 2023) (plaintiff's allegation that defendants called the police on him two times, which led to the service of a temporary restraining order and the institution of criminal charges, failed to suggest that defendants were state actors).

Second, the complaint is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held that if a plaintiff "seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that

2

the conviction or sentence has already been invalidated." *Id.* at 487. The general idea of Lemberger's complaint is that he didn't operate the vehicle while intoxicated and was convicted primarily because of Mullins-Cook's false testimony. Judgment in Lemberger's favor would imply that his conviction was invalid, and Lemberger's conviction hasn't been overturned. The complaint is *Heck*-barred.

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But leave to amend doesn't have to be granted "if it is clear that any amendment would be futile." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). *Heck* bars the complaint, so further amendment would be futile. But if Lemberger's conviction is ultimately overturned, he could bring a new § 1983 case at that time.

ORDER

IT IS ORDERED that:

1. Plaintiff Gary Lemberger's complaint, Dkt. 1, is DISMISSED without leave to amend for failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to enter judgment and close the case.

Entered October 25, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge